IN TH UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**FREDRICK D. JOINER**                                                     **PLAINTIFF**

**V.**                                                  **CIVIL ACTION NO. 1:14cv167 SA-DAS**

**SOUTHERN COMPANY SERVICES,**                          **DEFENDANT**
**INC.**

### ANSWER TO COMPLAINT

Defendant Southern Company Services, Inc. ("SCS"), answering the Complaint originally filed September 5, 2014 and transferred to this Court on September 12, 2014, says:

### FIRST AFFIRMATIVE DEFENSE

The Title VII claims asserted here are barred to the extent, if any, that they arose more than 180 days before the Plaintiff filed his EEOC Charge, and also to the extent that they were not asserted in that Charge.

### SECOND AFFIRMATIVE DEFENSE

If the claims asserted here are assets of a bankruptcy estate, the Plaintiff lacks standing to sue. If the claims asserted here were concealed from the Plaintiff's creditors in the course of a bankruptcy proceeding, to the Plaintiff's benefit, then the Plaintiff is estopped to bring the claims here.

### THIRD AFFIRMATIVE DEFENSE

While denying the unlawful motives attributed to it and denying that the evidence should be subject to mixed motive analysis, SCS pleads, alternatively, that it would have taken the same action for lawful reasons, regardless of the presence or absence of an unlawful motive, so that neither of the alleged unlawful motives was the cause in fact or the proximate cause of any claimed harm.

183054.1

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has not taken due care to mitigate his alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

Title VII bars any and all claims first filed with this Court more than 90 days after Plaintiff's receipt of the EEOC's Dismissal and Notice of Rights.

**SIXTH AFFIRMATIVE DEFENSE**

While asserting the lawfulness of its employment termination decision, SCS alternatively pleads its right to defend the action based on post-termination discovery of evidence that would have provoked a lawful employment termination if it had been discovered sooner.

**SEVENTH AFFIRMATIVE DEFENSE**

While asserting that the Plaintiff is entitled to no remedy of any sort, SCS alternatively pleads that punitive damages are not recoverable because it adopted and administered in good faith a system of policies and practices reasonably designed to avoid intentional race discrimination in employment and the Plaintiff, though aware, pursued no internal remedy for the wrongs alleged here.

**EIGHTH AFFIRMATIVE DEFENSE**

The amount of any compensatory or punitive damages award that Plaintiff might recover under Title VII is subject to the damage caps in 42 U.S.C. 1981a.

**NINTH AFFIRMATIVE DEFENSE**

Defendant did not act with malice or reckless indifference to Plaintiff's federally protected rights within the meaning of Section 102 of the Civil Rights Act of 1991.

**TENTH AFFIRMATIVE DEFENSE**

Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior in the workplace, including, but not limited to, having a well-established anti-

harassment policy and a well-established complaint procedure that provides complainants with alternate avenues of redress. Plaintiff failed to take advantage of these preventive and corrective measures.

### ELEVENTH AFFIRMATIVE DEFENSE

If the Complaint asserts injury by co-worker in ¶ 11 or elsewhere, workers' compensation is the exclusive remedy for that injury.

Now, answering further the Complaint's individual paragraphs, SCS says:

### PARTIES

1. For lack of information about the Plaintiff's current residence address, SCS denies the residence allegations of Complaint ¶ 1 but admits its other allegations.

2. SCS admits the allegations of Complaint ¶ 2.

### JURISDICTION AND VENUE

3. SCS admits this Court's subject matter jurisdiction of this suit and denies any other allegation that may be expressed or implied in Complaint ¶ 3.

4. SCS admits the allegations of Complaint ¶ 4.

5. SCS admits the allegations of the second and third sentences of Complaint ¶ 5 but denies the allegations of its first sentence, due to its lack of knowledge regarding the apparently handwritten alterations on the face of the Charge.

### STATEMENT OF FACTS

6. SCS hired Plaintiff on March 2, 2013, as a Safety Specialist II, following an application and interview process. Plaintiff previously had worked, among other places, at Alabama Power Company's Smith Dam as a Plant Security Officer, then at Alabama Power Company's Barry Steam Plant as a Security Officer I, then at Alabama Power Company's Gaston Steam Plant as a Security Officer I. SCS denies any other allegation of Complaint ¶ 6.

7. SCS denies the allegations of Complaint ¶ 7 except as admitted expressly here. SCS admits that Michelle Kroh was, during Fred Joiner's employment at Plant Red Hills, that plant's Compliance Manager. SCS admits that Joiner was responsible to seek out required and beneficial training opportunities.

8. SCS denies the allegations of Complaint ¶ 8 except as admitted expressly here. During the time referenced in Complaint ¶ 8, Plant Red Hills compliance staff were paired with Steve McVay for certain support functions.

9. SCS denies the allegations of Complaint ¶ 9.

10. SCS denies the allegations of Complaint ¶ 10 except as admitted expressly here. SCS admits that, in less than eight months of employment at Plant Red Hills, the Plaintiff failed or refused to complete multiple tasks on schedule, or at all, and SCS held him accountable for those failures or refusals.

11. SCS denies the allegations of Complaint ¶ 11, except as admitted expressly here. Michelle Kroh spoke to Eric Hattox about the allegation referenced in Complaint ¶ 11.

12. SCS denies the allegations of Complaint ¶ 12 except as admitted expressly here. SCS admits that answer Exhibits "A" and "B" are authentic copies of disciplinary notices delivered to the Plaintiff during his Plant Red Hills employment.

13. SCS admits that the Plaintiff filed an EEOC Charge against it but denies the date alleged in Complaint ¶ 13, for lack of knowledge. Complaint Exhibit "A" bears both an EEOC stamped date of September 13, 2013 and a handwritten oath date of August 23, 2013.

14. SCS denies the allegations of Complaint ¶ 14.

15. If Complaint ¶ 15 references Answer Exhibit "B," then SCS admits that it prepared and delivered Exhibit "B" on or about the dates indicated thereon. Otherwise, SCS denies the allegations of Complaint ¶ 15.

16. SCS admits that it terminated its employment relationship with the Plaintiff effective October 26, 2013. SCS denies all other allegations of Complaint ¶ 16.

17. SCS doubts that is it required to answer Complaint ¶ 17's conclusory allegations about personnel documentation of the Plaintiff's performance with a prior employer but, in an abundance of caution, denies them.

18. SCS denies the allegations of Complaint ¶ 18.

## CAUSES OF ACTION

### COUNT ONE: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, AND 42 U.S.C. § 1981 – RACE DISCRIMINATION

19. SCS incorporates its prior responses to the Complaint's particular paragraphs, just as Complaint ¶ 19 incorporates all prior Complaint allegations.

20. SCS denies the allegations of Complaint ¶ 20.

21. SCS denies the allegations of Complaint ¶ 21.

22. SCS denies the allegations of Complaint ¶ 22.

### COUNT TWO: VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, AND 42 U.S.C. § 1981 – RETALIATION

23. SCS incorporates its prior responses to the Complaint's particular paragraphs, just as Complaint ¶ 23 incorporates all prior Complaint allegations.

24. SCS denies the allegations of Complaint ¶ 24.

25. SCS denies the allegations of Complaint ¶ 25.

26. SCS denies the allegations of Complaint ¶ 26.

27. SCS denies the allegations of Complaint ¶ 27.

28.     SCS denies the allegations of Complaint ¶ 28.

29.     SCS denies the allegations of Complaint ¶ 29.

30.     SCS denies all Complaint allegations not admitted expressly in this Answer, including the allegations made in the Complaint's prayer for relief at Complaint pages 6 – 7.

WHEREFORE, SCS prays that the Court will enter a final judgment at the conclusion of due proceedings, dismissing the Complaint entirely, with prejudice, taxing to the Plaintiff all costs of the action.

Respectfully submitted, this 26th day of September, 2014.

        **SOUTHERN COMPANY SERVICES, INC.**

        BY:    s/ R. Pepper Crutcher, Jr.
                R. Pepper Crutcher, Jr.

R. Pepper Crutcher, Jr. (7921)
E. Russell Turner (9903)
BALCH & BINGHAM LLP
188 E. Capitol Street, Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2014, electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Louis H. Watson, Jr.
    Nick Norris
    Watson & Norris, PLLC
    1880 Lakeland Drive, Suite G
    Jackson, MS 39216

        s/ R. Pepper Crutcher, Jr.
        R. PEPPER CRUTCHER, JR.